UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Andrew Kitral,** *et al*, | ) | CASE NO. 1:21 CV 612 |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **NVR, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant NVR, Inc.'s Motion to Dismiss (Doc. 5). This action arises out of plaintiff's home purchase. For the reasons that follow, the Court GRANTS the motion.

**FACTS**

Plaintiffs, Andrew and Katie Kitral, brought this lawsuit in the Medina County Common Pleas Court against defendant NVR, Inc. dba Ryan Homes ("NVR"). On March 17, 2021, NVR removed this matter to federal court on the basis of diversity jurisdiction.

For purposes of ruling on the pending motion, the facts asserted in the Complaint are

1

presumed to be true.

In 2017, plaintiffs were searching for a home to purchase. One of plaintiffs' specific requirements for their future home was that it have, or have the potential to have, an in-ground swimming pool. Plaintiffs approached NVR regarding building such a home. Plaintiffs made it clear to NVR that whatever lot their home was to be built on must be able to have an in-ground swimming pool.

NVR then marketed a particular lot to plaintiffs in the City of Brunswick, Ohio. NVR's sales representative, Tiffany Henn (Santee), indicated to plaintiffs that she contacted the City of Brunswick and was told that an in-ground swimming pool could be built on this particular lot. Plaintiffs executed a purchase agreement with NVR for the sale of the lot and home.

In November 2017, plaintiffs' home was built and completed. Plaintiffs moved into the home. Following the winter of 2018, plaintiffs began to obtain estimates for an in-ground swimming pool. Plaintiffs chose a contractor and received homeowner association approval for the pool. However, the City of Brunswick denied their request to have an in-ground swimming pool built on their lot. Plaintiffs then attempted to obtain a zoning variance from the Brunswick City Board of Zoning Appeals, but this request was denied in January 2019. Plaintiffs have been unable to build an in-ground swimming pool on their lot, despite the representations made by NVR.

The Complaint contains two claims for relief. Count One is a claim for breach of contract. Counts Two alleges violations of the Ohio Consumer Sales Practices Act ("OCSPA").

This matter is now before the Court upon NVR's Motion to Dismiss. NVR seeks dismissal on the basis of failure to state a claim. Plaintiffs oppose this Motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

3

**ANALYSIS**

I.  **Breach of Contract (Count One)**

NVR argues that the purchase agreement executed between the parties does not set forth any term or provision regarding an in-ground pool. Therefore, NVR contends, because plaintiffs are unable to identify the term or provision that was breached, this claim must be dismissed.

Plaintiffs concede "that the written agreement contains no provisions regarding the ability to build an in-ground pool." Plaintiffs assert, however, that defendant's representations to them regarding an in-ground pool induced them to enter into the purchase agreement.

Under Ohio law, to prevail on a breach of contract claim, a plaintiff must establish that: (1) a contract existed; (2) the plaintiff fulfilled his contractual obligations; (3) the defendant breached; and (4) damages resulted. *Kirkland v. St. Elizabeth Hosp. Med. Ctr.*, 34 Fed. Appx. 174, 178 (6th Cir.2002) (citing *Nilavar v. Osborn*, 127 Ohio App.3d 1, 11 (Ohio App. 2nd Dist.1998)). Further, in the case of a written contract, the complaint must point to a specific contract provision that has been breached. *Northampton Rest. Group, Inc. v. First Merit Bank, N.A.,* 492 Fed.Appx. 518, 521 (6th Cir.2012)

Upon review, the Court finds that plaintiffs have not sufficiently pled a claim for breach of contract. The Complaint alleges that NVR "entered into a purchase agreement with Plaintiffs for the sale of a lot and home." The Complaint also alleges that NVR breached this purchase agreement and "is in default of the terms and conditions of the agreement." However, the Complaint does not specify which terms of this agreement NVR breached. While the Complaint alleges that NVR made "a material misrepresentation regarding the ability to build an in-ground swimming pool," the Complaint does not allege that this misrepresentation was incorporated into

the purchase agreement. Moreover, plaintiffs now concede that the purchase agreement does not actually contain any "provisions regarding the ability to build an in-ground pool."[1] Accordingly, because plaintiffs are unable to identify a single contract provision to support their breach of contract claim, dismissal is appropriate. *See Northampton Rest. Group, Inc,* 492 F. App'x at 521 ("[I]t is a basic tenant of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached."); *Wamen v. Goodyear Tire & Rubber Co.*, 2014 WL 185901 *5 (N.D. Ohio 2014) (dismissing breach of contract claim where the complaint did not provide the provision of the agreement that was breached).

The Complaint does allege that NVR's sales representative assured plaintiffs that an in-ground pool could be built on the lot they were looking to purchase. Plaintiffs argue these representations regarding an in-ground pool induced them to sign the purchase agreement. They assert the parol evidence rule allows these representations to be "introduced to prove fraudulent inducement." Plaintiffs are correct that under some circumstances, the parol evidence rule does not bar the introduction of extrinsic evidence to support a fraudulent inducement claim. *Galmish v. Cicchini*, 90 Ohio St.3d 22, 28 (2000). However, the Complaint does not contain a claim for

---

[1] A review of the purchase agreement confirms that there is no provision regarding an in-ground pool. Defendant attached the purchase agreement to its Motion to Dismiss. The Court may consider such a document on a Motion to Dismiss because plaintiffs expressly referenced the purchase agreement in the Complaint. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto . . . and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.")

fraudulent inducement.[2] Breach of contract and fraudulent inducement are two separate causes of action. *See Raze Internatl., Inc. v. Southeastern Equip. Co., Inc.*, 69 N.E.3d 1274, 1289-1291(Ohio App. 7th Dist. 2016). The Court is unable to evaluate a cause of action that does not exist in the Complaint.

Accordingly, because plaintiffs can point to no provision in the purchase agreement that was breached, their breach of contract claim fails. The Court GRANTS this portion of NVR's Motion to Dismiss.

**II.    OCSPA Claim (Count Two)**

NVR argues that plaintiffs' OCSPA claim is barred by the OCSPA's two-year statute of limitations. According to NVR, the date of the alleged OCSPA violation occurred "over five years ago, in connection with the home purchase process that culminated in the Purchase Agreement executed on April 9, 2017."

Plaintiffs argue that their claim is timely because NVR's misrepresentations regarding an in-ground swimming pool "were continuing in nature" and "fell within the applicable statute of limitations period." Alternatively, plaintiffs argue that NVR waived the applicable statute of limitations period.

"Although a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally not an appropriate vehicle for dismissing a claim based upon the statute of limitations, if the allegations in the complaint affirmatively show that the claim is time-barred, dismissing the claim under Rule 12(b)(6) is appropriate." *Cheatom v. Quicken Loans*, 587 F.

---

[2] The Court acknowledges that plaintiffs' OCSPA claim is also partially premised on inducement. However, this claim is time-barred, as explained more fully below.

App'x 276, 279 (6th Cir. 2014). *See also Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (affirming district court's dismissal of complaint on statute of limitations grounds).

The statute of limitations under the OCSPA is set as follows:

An action under [the OCSPA] may not be brought more than two years after the occurrence of the violation which is the subject of suit, or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later.

O.R.C. § 1345.10(C). "[T]he statute of limitations commences to run from the date of the occurrence of the violation, which is not necessarily the date of any underlying transaction." *Montoney v. Lincoln Logs*, *Ltd.*, 2007-Ohio-236, at ¶ 26 (Ohio App. 10th Dist. 2007). "No discovery rule applies to [OCSPA claims]; R.C. 1345.10(C) sets forth an absolute two-year limitations period for such damage actions." *Id.* (internal quotations omitted)

Upon review, the Court finds that plaintiffs' OCSPA claim is time-barred based upon the allegations contained in the Complaint. In the Complaint, plaintiffs allege that NVR's sales representative "indicated that she contacted the City of Brunswick prior to the purchase agreement, and was told an in-ground swimming pool could be build on the lot in question." Plaintiffs' home was then built and completed in November 2017. A fair reading of the Complaint indicates that this alleged misrepresentation made by NVR occurred prior to April 2017, when the purchase agreement was executed. There are no factual allegations contained within the Complaint regarding any other representations made by NVR after the purchase agreement was signed. Plaintiffs did not bring this suit until March 8, 2021. Because more than two years passed between the alleged violation and the Complaint, the Court finds that the statute of limitations has lapsed.

Plaintiffs maintain that NVR continued to make misrepresentations regarding an in-

7

ground swimming pool within the statutory limitations period.  In support, plaintiffs submit an affidavit and emails which purportedly show that in January 2019, NVR's sales representative continued to assure plaintiffs that they would be able to have an in-ground swimming pool built on their lot.  However, these alleged "continuing violations" are not contained within the Complaint.  A complaint cannot be modified by submitting an affidavit in response to a motion to dismiss.  *See Tate v. Comrie,* 2018 WL 1409288, *8 (N.D. Ohio 2018) (striking affidavit filed by plaintiff in response to a motion to dismiss because it provided "additional facts and attaches additional documents outside of" the complaint.)  Because these emails were not relied upon or referenced in the Complaint, the Court is unable to consider them.  As the Complaint is written, the only allegations of OCSPA violations were the sales representative's assurances made during the sales process for the home.

Alternatively, plaintiffs argue that NVR waived the applicable statute of limitations.  However, the Complaint fails to plead any facts to support such a claim.  Rather, plaintiffs submit an affidavit and copies of several emails, which purportedly show that in January 2021 counsel for NVR agreed to "extend the time during which" plaintiffs "could file a CPSA claim or any claim for that matter until March 1, 2021."[3]  The Court cannot consider such evidence on a motion to dismiss, but even if it did, this purported waiver did not occur until after the statute of limitations had already expired.  *See Gex v. Toys "R" Us, Inc.*, 2007 WL 2852351, *3 (S.D. Ohio 2007) ("[I]f a statute of limitations has run, it cannot be tolled.")

Indeed, as the Complaint is written, the alleged OCPSA violation occurred in 2017.  Accordingly, the applicable statute of limitations expired in 2019.  Any waiver purportedly made

---

[3]  The Court notes that this suit was not filed until March 8, 2021.

by NVR in 2021 was made nearly two years after the statute of limitations had already lapsed. Dismissal under Rule 12(b)(6) is appropriate where, as here, "the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo*, 676 F.3d at 547.

Accordingly, the Court finds that plaintiffs' OCSPA claim is time-barred under the two-year statute of limitations.[4]  The Court therefore GRANTS this portion of NVR's Motion to Dismiss.

**CONCLUSION**

For the foregoing reasons, defendant NVR, Inc.'s Motion to Dismiss (Doc. 5) is GRANTED.

IT IS SO ORDERED.

Date:  5/13/21

/s/Patricial A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

---

[4] NVR makes the additional argument that both of plaintiffs' claims are time-barred due to a one-year claims bar contained within the purchase agreement.  Because the Court is dismissing both claims on other grounds, it declines to address this issue.